UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVE JOEL MOFFETT, SR., | Case No. 2:18-CV-01678-GMN-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| KEOLIS TRANSIT AMERICA, INC., and DOES 1-10, | |
| Defendants. | |

Before the Court is Defendant's Motion for Protective Order and Motion to Shortened Time (ECF Nos. 95 and 96). This set of motions is quite similar in objective to Defendant's just recently filed and granted Motions for Protective Order and for Shortened Time based on Plaintiff's noticed deposition of Defendant's former CEO. Defendant's current motions seek an order preventing the deposition of its current CEO on shorten time.

Defendant's current Motions set forth that there was a single call between Defendant and Plaintiff in which Defendant asked Plaintiff to vacate the deposition at issue and Plaintiff refused. It is unclear to the Court whether Defendant explained the basis for its request, the law applicable to its request or if there was any attempt to find compromise such as proposing other depositions to proceed first after which Plaintiff could reconsider the need to depose the current CEO. It is unclear, therefore, whether good faith efforts were made to meet and confer regarding the current dispute. It is the moving party's (here, Defendant) obligation to do more than offer a single sentence to the Court that Plaintiff would not accede to Defendant's request in order to meet its good faith meet and confer obligations. Defendant is advised that going forward a more detailed explanation of meet and confer efforts must be provided to the Court before the Court will consider motions on shortened time or discovery motions generally. Nevertheless, because insufficient time is available to allow for a normal briefing schedule, and given the subject matter at issue, Defendant's Motion to Shortened Time is granted.

1

Defendant's Motion for Protective Order is based on the assertion that the current CEO did not become employed by Defendant until long after Plaintiff's alleged accident, that this timeline establishes the current CEO has no knowledge of the incident, less intrusive methods of discovery are available to Plaintiff to obtain the information he apparently seeks and, in any event, the proposed deponent has no personal knowledge of the events at issue. ECF No. 95. Plaintiff shall be entitled to address each of these issues in a response to Defendant's Motion by filing such a response no later than Wednesday, February 5, 2020. No reply shall be filed without leave of Court.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Shorten Time (ECF No. 96) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall file a response to Defendant's Motion for Protective Order on or before the close of business on Wednesday, February 5, 2020.

DATED: January 30, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE